UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL EDWARD LOJEWSKI,

       Petitioner,                            Case No. 21-cv-11723
                                                    Hon. Matthew F. Leitman

v.

JOHN CHRISTIANSEN,

       Respondent.
_____/

**ORDER (1) DENYING PETITIONER'S MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 3), (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) WITHOUT PREJUDICE, (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Paul Edward Lojewski is a state inmate in the custody of the Michigan Department of Corrections. In 2018, a jury in the Monroe County Circuit Court convicted Lojewski of one count of accosting a child for an immoral purpose and two counts of fourth-degree criminal sexual conduct. The state trial court then sentenced Lojewski as a fourth habitual offender. He is currently imprisoned at the Central Michigan Correctional Facility in St. Louis, Michigan.

On July 16, 2021, Lojewski filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) Lojewski has also filed a motion to stay these federal proceedings while he finishes exhausting a claim in state court. (*See* Mot., ECF No. 3.) For the reasons stated below, because

1

Lojewski's petition includes both exhausted and unexhausted claims, and because dismissing his petition at this time would not cause him any prejudice, the Court **DENIES** Lojewski's motion to stay and **DISMISSES** his petition **WITHOUT PREJUDICE**.

# I

A jury in the Monroe County Circuit Court convicted Lojewski of the above-described offenses in 2018. Lojewski then appealed his convictions in the Michigan Court of Appeals. That court affirmed his convictions, and the Michigan Supreme Court denied leave to appeal that decision. *See People v. Lojewski*, 2020 WL 4915354 (Mich. Ct. App. Aug. 20, 2020), *lv. denied*, 957 N.W.2d 780 (Mich. 2021).

On July 7, 2021, Lojewski filed a post-conviction motion for relief from judgment in the state trial court. That post-conviction motion remains pending.

On July 14, 2021, Lojewski filed his current habeas petition in this Court.[1] (*See* Pet., ECF No. 1.) Lojewski seeks relief on three grounds: (1) he is entitled to a new trial because the verdict went against the great weight of the evidence, (2) the state trial court failed to notify him of the habitual offender enhancement, and (3) the state trial court violated his rights when it permitted the presentation of evidence to the jury after the close of proofs. (*See id.*) Lojewski raised his first two habeas

---

[1] Under the prison mailbox rule, this Court will assume that Lojewski filed his habeas petition on July 14, 2021, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

claims in his appeal of right in the Michigan Court of Appeals. Lojewski acknowledges that he did not raise his third habeas claim in that appeal. He raised that claim for the first time in his currently-pending motion for relief from judgment in the state trial court.

In his motion to stay, Lojewski moves the Court to stay its consideration of his petition pending the exhaustion of his third claim in state court. (*See* Mot., ECF No. 3.)

## II

A state prisoner who seeks federal habeas relief is first required to exhaust his or her available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts generally dismiss mixed habeas petitions that include both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

The Court concludes that the appropriate course of action in this case is to deny Lojewski's motion to stay and dismiss his habeas petition without prejudice. Here, Lojewski acknowledges that his petition contains both exhausted and unexhausted claims. And Lojewski has not identified any exceptional or unusual circumstances that would justify staying the petition rather than dismissing it without prejudice while he finishes exhausting his third claim for relief in state court.

3

Finally, Lojewski will not be prejudiced by the Court's dismissal of his petition because the one-year statute of limitation for filing a federal habeas petition has not yet started to run. *See* 28 U.S.C. § 224(d)(1).[2] Thus, Lojewski will maintain the ability to re-file his petition after he exhausts his final claim in state court.

For all of these reasons, the Court **DENIES** Lojewski's motion to stay and **DISMISSES** his petition **WITHOUT PREJUDICE**.

### III

Before Lojewski may appeal this Court's decision, he must obtain a certificate of appealability. *See* 28 U.S.C § 2253(c)(3). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To demonstrate this denial, an applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues

---

[2] As described above, Lojewski sought direct review of his convictions in the Michigan Supreme Court, and that court denied leave to appeal on April 27, 2021. Lojewski then had 90 days, or until July 26, 2021, to file seek *certiorari* with the United States Supreme Court. He failed to do so. Thus, had Lojewski not taken any other action, the one-year statute of limitation under 28 U.S.C. § 2244(d) to file a federal habeas petition would have started to run upon the expiration of his time to file for a writ of *certiorari* on July 26, 2021. But Lojewski did take another action before the one-year statute of limitation began to run: he filed his motion for relief from judgment in the state trial court on July 7, 2021. And that action further tolled the statute of limitation until the motion is fully adjudicated. *See* 28 U.S.C. § 2244(d)(2). Thus, Lojewski would not suffer any prejudice from the Court's dismissal of his petition because his one-year period to seek federal habeas review has not started to run.

presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue Lojewski a certificate of appealability because "jurists of reason" would not find it debatable whether this Court was correct to dismiss the petition without prejudice. *See Colbert v. Tambi,* 513 F.Supp.2d 927, 939 (S.D. Ohio 2007). The Court will also deny Lojewski leave to appeal *in forma pauperis,* because an appeal could not be taken in good faith. *See Myers v. Straub,* 159 F.Supp.2d 621, 629 (E.D. Mich. 2001).

## IV

For all of the reasons stated above, **IT IS HEREBY ORDERED** that:

- Lojewski's motion to stay proceedings (ECF No. 3) is **DENIED**;

5

- Lojewski's petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**;

- A certificate of appealability is **DENIED**; and

- Leave to appeal *in formna pauperis* is **DENIED.**

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2021


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761
